No. 3151.—J. A. BLANC, Syndic, v. FRED. HERTZOG and AMIRE HERTZOG.

Prescription is interrupted on a note so long as the holder is in possession of collaterals pledged by the maker to secure its payment.

An order or draft given on another, not negotiable in form, for the accommodation of a third party, without consideration, can not be enforced against the maker, even if it be in the hands of a pledgee. In such a case the pledgee would have no other or greater rights than the original payee himself would have.

APPEAL from the Ninth District Court, parish of Natchitoches. Osborn, J. Pierson & Levy, for plaintiff and appellee. C. F. Dranguet and Jack & Pierson, for defendants and appellants.

HOWELL, J. Plaintiff, as syndic of B. Toledano & Taylor, sues the defendant, F. Hertzog, on a note made by Hertzog Brothers, of which firm he was a member, and Mrs. Amire Hertzog on a draft drawn by her in favor of Hertzog Brothers on Ar. Miltenberger, but not accepted, for the amount due on the note of said Hertzog Brothers and for which it was pledged as collateral security. She excepted to bringing suit in the same action, the obligations, if any, being exclusive and independent and there being no privity of contract between the defendants. The exception was overruled and each defendant filed separate defenses. That of Frederick Hertzog was a general denial and the prescription of five years; and that of Mrs. Amire Hertzog was, in substance, that she gave the order to Hertzog Brothers solely for their benefit and accommodation, they being her sons, and not as commercial or negotiable paper, to be paid on the sale of her then growing crop, which was destroyed by the Confederate army without any fault on her part, and that she never recovered any value for said order. Judgment was rendered in favor of plaintiff and defendants appealed.

As to Frederick Hertzog the case is fully made out. Prescription may be considered suspended as to him, while the creditor held the collateral pledged by him. The case is different, however, in regard to Mrs. Hertzog. The order given by her was not negotiable or commercial paper and was without consideration. The pledgee, therefore, acquired no greater right than the payees had, and they could not have recovered on it. And, besides, it is not shown to have been presented for payment and notice of non-payment given to the drawer. We think she is not liable on the order, and that it is unnecessary to inquire into the regularity of the action.

It is therefore ordered that the judgment, as to Mrs. Amire Hertzog, be reversed, and that there be judgment in her favor against the plaintiff, and that the judgment against Frederick Hertzog be affirmed, with the costs of appeal.